IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBRA ANNE RADCLIFF
1458 W. Briarwood Avenue
Littleton, CO 80120

Plaintiffs,

v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, N.W., #910
Washington, DC 20005

and

BRISTOL-MYERS SQUIBB COMPANY
as successor to E.R. Squibb & Sons, Inc.
P.O. Box 4500
Princeton, NJ 08543
w/s/o CT CORPORATION
1025 Vermont Avenue, N.W.
Washington, DC 20005

and

DART INDUSTRIES, INC.
as successor to Rexall Drug Company, Inc.
w/s/o Sheila Ann Marie Moeller, Esq.
31 Brookside Drive
Greenwich, CT 06830

and

GLAXOSMITHKLINE, INC.
as successor to S.E. Massengill Co.
5 Moore Drive
Research Triangle Park, NC 27709
c/o Yolanda Griggs
1050 K Street, NW, Suite 800
Washington, DC 20001

Case No.

and

LANNETT COMPANY
c/o Fox & Rothschild
2000 Market Street
Philadelphia, PA 19103

and

PREMO PHARMACEUTICAL LABORATORIES, INC.
w/s/o Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08628

and

PHARMACIA AND UPJOHN COMPANY
100 Route 206 North
Peapack, NJ 07977
w/s/o CT CORPORATION
1025 Vermont Avenue, N.W.
Washington, D.C. 20005

and

WYETH
5 Giraldi Farms
Madison, NJ 07940

Defendants.

**<u>COMPLAINT</u>**
**(DES Litigation – Products Liability, Punitive Damages)**

1. Jurisdiction is founded upon 28 U.S.C. § 1332.

2. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Plaintiff is a citizen of the United States and resident of the State of Colorado.

4. Defendant Eli Lilly and Company ("Lilly") is a corporation resident and with principal place of business in the State of Indiana.

5. Defendant Bristol-Myers Squibb Company ("Squibb") is a corporation resident and with principal place of business in the State of New York.

6. Defendant Dart Industries, Inc. ("Dart") is a corporation resident and with principal place of business in the state of Florida.

7. Defendant GlaxoSmithKline ("GSK") is a corporation resident and with principal place of business in the state of Pennsylvania.

8. Defendant Lannett Company ("Lannett") is a corporation resident and with principal place of business in the state of Pennsylvania.

9. Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo") is a corporation resident and with principal place of business in the state of New Jersey.

10. Defendant Pharmacia & Upjohn Company ("Upjohn") is a corporation resident and with principal place of business in New Jersey.

11. Defendant Wyeth is a corporation resident and with principal place of business in New Jersey.

**<u>COUNT I</u>**
**(Negligent Failure to Warn – Debra Radcliff)**

3. On or about 1967 and 1968, during her pregnancy with Plaintiff Debra Radcliff, the mother of Debra Radcliff bought and ingested DES in New York. The Defendants, and/or their predecessors acting in concert, manufactured, compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United States and the State of New York.

4. It was the duty of the Defendants to adequately warn Ms. Radcliff's mother as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

5. Defendants negligently failed to adequately warn Plaintiff Debra Radcliff's mother and Plaintiff Debra Radcliff of DES risks as to safety and efficacy of DES.

6. As a result of said negligence, Plaintiff Debra Radcliff was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant miscarriage, infertility, inability to carry a child to term, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

**COUNT II**
**(Negligent Failure to Test – Debra Radcliff)**

7. All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

8. Defendants had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

9. Defendants negligently failed to test DES in any regard as to its safety and efficacy.

10. As a result of Defendants' said negligence, Plaintiff Debra Radcliff was injured as aforesaid.

**COUNT III**
**(Strict Liability – Debra Radcliff)**

11. All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

12. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13. Defendants are engaged, or have been engaged, in the business of producing DES, and are, or have been, a commercial manufacturer of said drug.

14. Plaintiff Debra Radcliff's mother purchased and ingested DES during her pregnancy with Plaintiff Debra Radcliff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

15. Said product was defective when placed on the market by Defendants. DES was sold by the Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

16. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

17. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Debra Radcliff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

18. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff Debra Radcliff for her DES-related injuries, losses, and damages.

**COUNT IV**
**(Breach of Warranty – Debra Radcliff)**

19. All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

20. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

21. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff Debra Radcliff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

22. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

23. As a direct result of the breach of warranties by the Defendants, Plaintiff Debra Radcliff has been injured as aforesaid.

**COUNT V**
**(Misrepresentation – Debra Radcliff)**

24. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

25. Defendants represented to pregnant women, including the mother of Plaintiff Debra Radcliff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

26. The mother of the Plaintiff Debra Radcliff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

27. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

28. As a direct result of said false representations by Defendants, Plaintiff Debra Radcliff was injured as aforesaid.

**COUNT VI**
**(Punitive Damages – Debra Radcliff)**

29. All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

30. The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff Debra Radcliff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactically even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff Debra Radcliff by knowingly and intentionally withholding adverse literature and studies and submitting only

favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Debra Radcliff demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564

1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine